It is 515-0393, People v. Lloyd Perkins. Ms. Crotty, you took your time. Are you going to argue both cases as well on this? I will be arguing both cases, but because they're separate. Right, they're separate. I just was wondering. Is this the case that there's a pending motion to sell authority? Yes, this is. Yes, thank you very much. We're going to grant that motion and we're going to give the State 10 days if they want to respond, not with a brief, but they've only cited a case. So if you have some case off the contrary, we'll give you 10 days to supplement with that. Have you received a copy of their motion? I received it yesterday. Okay. So all we're going to, since all they did was, well, they did kind of argue in paragraph 789. If you could just limit your response to what they addressed as opposed to writing a full-blown brief, could you do that for us? Yes, ma'am. That'd be great. Thank you. I'm not sure how we're going to issue that order, but if you get the gist of what I'm talking about. Okay. Sorry. Your time begins now then. Thank you. May I please have the court counsel? My name is Elizabeth Crotty and I represent Lloyd Perkins in this matter. As noted, Mr. Perkins has two distinct but related appeals before the court today. This is the first of those two. Subject to the court's questions, I'd like to conduct a brief overview of the issues in this case and to devote the remaining time primarily to addressing the final issue raised in the brief, the court's failure to properly address Mr. Perkins' post-trial claims of ineffective assistance of counsel. First, the State charged Mr. Perkins initially related to an armed robbery of alleged victims Jesse and Raekwon Webb and Martel Ray on July 12, 2014. It then charged Mr. Perkins with this case, asserting he had committed obstruction of justice, alleging he had instructed his then-girlfriend Megan Finley to find and destroy a shotgun with the intent to obstruct his prosecution in the armed robbery case. The State proceeded to trial first on the obstruction appeal, and that is the case that we are arguing currently. The key dispute at trial, and again in the issues raised on appeal, was whether the State had met its burden to show that the gun that was recovered was actually the shotgun used in the armed robbery, and thus even if it had met its burden on the remaining elements, that that shotgun was not evidence in the robbery case and therefore could not have been destroyed with the intent to obstruct that prosecution. The brief sets forth the evidentiary disputes, both in terms of the reasonable doubt argument and additional evidentiary issues which interfered with a reasonable and fair determination of that issue by the jury in this case. However, unless the Court has specific questions regarding those issues, I will spend the remaining time addressing the post-trial complaints of ineffective assistance of counsel. You go ahead and do as you please. If we have questions, we can certainly interrupt. When a defendant makes a clear post-trial claim of ineffective assistance of counsel, the trial court has a duty to conduct an initial inquiry into those claims to determine the factual basis and merits of the underlying issues. Is that what's called a crinkle hearing? Yes. And Mr. Perkins met this standard by filing a pro se post-trial motion asserting counsel's ineffectiveness among other issues. This meets the standard in errors. It was a clear and useful term, ineffective assistance of counsel, and that was sufficient to trigger the trial court's duty under Crinkle. Now, the trial court then failed to conduct any inquiry into those issues to determine the factual basis or to address the merits or nature of those claims. Maybe I'm confused. Have we now moved into the second case? No, Your Honor. Okay. So the proceedings were both temporarily and factually related. Okay. So counsel was appointed one day apart in these two cases, and the post-trial issues in the obstruction case and the pretrial issues in the robbery case overlapped. Okay, that's right. They were interwoven. Sure. So I'm actually going to run through a bit of a chronology here, which I hope will clarify the distinction and the relation between these two cases. So Mr. Perkins asserted Mr. Perkins' obstruction case, and the jury trial concluded on April 8, 2015. Counsel then wrote to Mr. Perkins informing him that he would be withdrawing from the upcoming robbery case, and Mr. Perkins then a few days later, I believe on April 19, 2015, wrote to the court in a pleading stylized as a post-trial motion, asserting that counsel was ineffective, noting counsel's withdrawal and reference to being overwhelmed with his caseload, and asserting other issues including some problems with not being allowed to hear the phone calls related to the obstruction case prior to trial. Then counsel had at the same time filed a motion to withdraw that appears only in the robbery case. That motion, I believe, is attached to the briefs, but is in the record detailing counsel's request to withdraw on the basis for that. Rather than addressing Mr. Perkins' claims of ineffective assistance of counsel, the court jumped to the motion to withdraw. It heard the motion, which I will get into in much greater detail in the second argument related to the 2016 judgment date, and did not give Mr. Perkins a chance at that hearing to weigh in on any of the issues, with the sole exception of saying, you're stuck with this attorney, he will be representing you in the robbery case, but you're okay with the delay, right? It did not ask Mr. Perkins, were you just complaining because counsel's withdrawing? It didn't ask, do you have concerns about the representation? What were the issues you were trying to address in this motion? Any of those sorts of discussion we would expect and are in fact required to see in a criminal proceeding. Then when the court denied the motion, it instructed counsel to go ahead and address any post-date motions that were filed by Mr. Perkins during the pendency of this motion. After that decision, Mr. Perkins wrote the court again in early May, May 5, 2015, to report that counsel had not showed up for a scheduled visit at the jail, had not called, and that Mr. Perkins was concerned that counsel would in fact follow up on his pro se motions, and he asked for access to case law and law books because he did not have law library access and was concerned about counsel's quote dilemma. Then we have additional informational filings which are somewhat less relevant, but show that Mr. Perkins had continued complaints and brought them directly to the court rather than counsel on June 17 and again June 29. Counsel then filed an amended motion for a new trial. We're now at, again, the jury trial is April 8. We're now July 1 of 2015. That's when counsel filed his motion for new trial and adopted the ineffective assistance of counsel claims without adding detail or explanation or providing any support for those. And it is essentially that issue for which I felt it appropriate to cite to people what V. Garcia, which is a recent decision by this court, which is clearly different procedural factors, but does address the potential for conflict and actual conflict when an attorney is raising issues of his own, ineffectiveness or failures in pre-trial proceedings or in trial proceedings. So are you saying that the July amended post-trial motion included allegations that counsel himself was ineffective? What it did was follow the trial court's request that counsel address any pro se filings merely by mentioning the pro se filing. It said Mr. Perkins has previously filed a pro se motion claiming ineffectiveness, claiming my ineffectiveness. So yes, it was in a sense addressing counsel's own ineffectiveness, but without any sort of detail or support that would be required to show that there wasn't some sort of conflict or to even explain to the court what the underlying issues were, according to Mr. Perkins. Now, at that proceeding, in hearing the motion filed by trial counsel, the court again chose not to conduct any sort of inquiry into the ineffective assistance of counsel claims, but instead summarily denied it and said, you know, I observed the trial. This was fine. There's no error. But Mr. Perkins' complaints were, first off, not totally clear from his own filing, which is why we have the inquiry in the first place. But second, if anything, they were related to neglect. And so if he didn't allege a specific trial court error that the court would have the opportunity to observe and conclude that it was not, in fact, an error, he alleged possible neglect of the case, which is supported by his additional filings. And those require an inquiry that did not occur here. So at a minimum, the trial court must conduct an inquiry to determine that factual basis. And since that did not happen here, remand is required for appropriate crank of proceedings. So in conclusion, Mr. Perkins respectfully requests, as based on the arguments presented in the briefs, that this court reverse his conviction for obstruction of justice because the state failed to prove him guilty beyond a reasonable doubt. Alternatively, he requests that this court reverse and remand for a new trial, or at minimum, that it remand his case for proper proceedings pursuant to Crankle. Thank you. Thank you. Ms. Kasten. May it please the court, counsel, Chelsea Kasten on behalf of the state. Your Honor, just as an initial matter, the state wanted to let the court know that Appendix B provides instructions on how to access the DVD with the recordings of the phone conversations. If the court has any issues with being able to access the CD to get them to work on a computer, the Appellate Defender's Office was wonderful with their IT people and helped us access it because in the wonders of technology, we struggled to get the program to work. So if the court has any issues getting it to work, hopefully Appendix B will have the instructions that will also work for the court. That's appreciated. Thank you. Yes. And then just turning to the ineffective assistance of counsel issue, Your Honors. The state would like to address Garcia. However, I did not have an opportunity yesterday to look at other case law, so we would still like the opportunity to... You were given 10 days. Thank you, Your Honor. That's what we were talking about. Just wanted to make sure that was permissible even if I discuss Garcia now. If you talk about it, you can get 10 days. Thank you, Your Honor. But it is an issue. I mean, when you have post-trial motion out there, the defendant is claiming ineffective assistance of counsel, and then his own counsel includes that in a post-trial motion. A new case on Krankel that says, you know, the defendant raises it. What are we supposed to do in this case? You're applying to those cases. I do think that it is distinguishable in this situation from the situation of Garcia. Obviously, in Garcia, rather than even claim ineffective assistance of counsel, my understanding of the case was that counsel just argued plain error instead, so they didn't even raise it. In this case, you have trial counsel who adopted the argument of the defendant in his pro se motion, and then during the post-trial motion hearing, you have a court who starts by saying that he's reviewed the record, which can be found, that portion of the record can be found in Appendix T of the People's Brief, Your Honors. And the court did specify that he had reviewed the court and... Not the court. ...that applied to the different issues that were presented in the post-trial motion, and then went through each allegation, including the ineffective assistance of counsel issue. In a Krankel inquiry, we already know that you can talk... The court can speak with counsel, can speak with the defendant, or can look at the record. Well, we have a situation where the court's already said he's looked at the record. And then in addressing the specific and effective assistance of counsel issue, the court said that he... Well, I thought I had it somewhere. Basically, that while he did understand that counsel had been busy, he found that counsel's performance had not been anything but effective, and that he had provided sufficient effective assistance of counsel to the defendant, and therefore he denied the motion. This isn't a situation where the court completely ignored it or where counsel had not raised the issue. He adopted it exactly as the defendant had raised it. And this isn't a situation that went to a specific aspect of the trial, but rather overall he was concerned that counsel had been too busy to handle his case. And the trial court, reviewing the record and its own experience of what had occurred at the trial, stated that no one did not agree with that and that he did indeed find him to be effective. So if it comes down to an inquiry for a Krankel hearing, he didn't say the word Krankel, but there was an inquiry. He at least reviewed the record. Yes, Your Honor, and that was the first thing that he stated at the beginning of the hearing. And then there was 24 allegations that he addressed. Were there allegations that had to do with matters that were pre-trial and not before the judge? I believe in terms of the defendant's case. Such as access to the tapes and discovery? In terms of counsel's ineffectiveness, Your Honor? Yes. I can't remember exactly off the top of my head exactly what it said. From what I recall, he just made a general claim of counsel said that he was covered up in cases. He hasn't had enough time for my case. That means he was ineffective. I believe one of the pro se motions said he didn't have access to the tapes pre-trial, Justice Morris, at least is recalling what I recall. And, unfortunately, I can't recall it off the top of my head. Well, let's assume that is true. Then how would the trial court know about that? Or how would the trial court investigate that? In terms of his access? In terms of just reviewing the record. In other words, if he just reviews the record, he wouldn't be able to determine from the defendant how or whether he was prejudiced if he was denied access to tapes or other discovery. And if the court finds that that's the case, then it goes back on limited remand for another criminal inquiry. There's no doubt about it. If it wasn't proper, then it goes back on limited remand. The state's not going to counter that result. I believe that the trial court has the ability based on what it did witness over the course of the trial and all of the pre-trial hearings and motions. And this was about eight months of experience that the trial court had in this case. So I believe that it would be able to properly consider any of those issues just based on its own knowledge and what it was able to review in the record, Your Honors. But if the court finds that that wasn't proper, then it goes back. It's really that simple. However, the state does feel that the trial court did make a proper inquiry in this case. He did say that he reviewed the record, and he did specifically address the claim of ineffective assistance of counsel. Unless the court has any other questions, we would just ask that you affirm the ruling of the lower court. Anything else? Okay. Thank you. Thank you very much. I appreciate your comments. Proveno? I'd like to start with Justice Moore's question. Mr. Perkins, what he entitled informational filings or pro se motions certainly were not artfully styled, but he did not only use the term ineffective assistance of counsel, but he did assert that he did not get to hear the recorded phone calls prior to trial, which would be an issue that the court would not be able to address just based on the trial court's review of the record. He also later in an informational filing asserted that there were some issues with discovery, including a request for items related to one of the key witnesses Pollard's pending case and a potential issue regarding some promised leniency that didn't end up coming out at that trial. Certainly that would have been a key issue because that's the witness that the state relied on to place the specific shotgun recovered in the obstruction case, tying that to the robbery case. So certainly, again, those are issues that would not have come out clearly just through a review of the record, but would relate to potential claims of ineffective assistance of counsel. And so questioning was required. That is, you know, akin to an inquiry. If something can be resolved just based on a review of the record, certainly that would be appropriate, but that's not the case here. So this was not sufficient to meet the standards required by Frankl and his progeny. Again, just as a point of clarification, the issue, and I'm sure the state will address any concerns with the Garcia motion, but certainly it's true that counsel in that case did assert the claims as plain error, which was part of the issue because they were only needed to be raised as plain errors because counsel had not preserved the issues themselves. And so that is akin to some of the issues here. The counsel did not, on his own volition in this case, assert ineffective assistance of counsel. He was told by the court, you have to address everything in these pro se motions. And so he adopted that motion but made no effort to detail the allegations, which resulted in denial. Now, we don't know without the Frankl inquiry or without appointment of additional counsel whether there was merit to those allegations or not. So certainly counsel's failure to provide detail, we don't know if it's because there were no details or because the counsel had some sort of conflict or failed to inquire into those. And that's the court's duty to make clear in the record and to resolve. So again, we ask for the requested relief and up to and including remand for appropriate addressing of these post-trial issues. Thank you. All right. Thank you for your arguments in 515-0393, People v. Laurie Perkins.